IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------  :
UNITED STATES OF AMERICA                                :
                                                        : CASE NO. 1:05 CR 073
                                     Plaintiff          :
                                                        :
         -vs-                                           : <u>ORDER GRANTING SENTENCE</u>
                                                        : <u>REDUCTION TO THE STATUTORY</u>
ANTHONY GREEN                                           : <u>MANDATORY MINIMUM OF 120</u>
                                                        : <u>MONTHS PURSUANT TO 18 U.S.C. §</u>
                                     Defendant          : <u>3582(c)(2)</u>
------------------------------------------------------  :

UNITED STATES DISTRICT JUDGE LESLEY WELLS

On 18 June 2009, Defendant, Anthony Green, moved this Court for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2), United States Sentencing Guidelines ("U.S.S.G.") § 1B1.10, and the 11 December 2007 decision of the United States Sentencing Commission to retroactively apply new cocaine base offense levels as enunciated in U.S.S.G. § 2D1.1. (Doc. 25). Specifically, Mr. Green seeks to have his 135 month sentence on Counts 1 and 2 of the Indictment modified to 110 months in prison. In response the Government does not object to reducing Mr. Green's sentence pursuant to § 3582(c)(2), but maintains that the Defendant is subject to a mandatory minimum term of 120 months imprisonment on Counts 1 and 2. (Doc. 26).

On 9 December 2005, the Court sentenced Mr. Green to 135 months imprisonment on Counts 1 and 2 and 36 months in prison on Count 3, to run concurrently, after the government moved for a substantial assistance reduction under U.S.S.G. § 5K1.1.  (Docs. 22, 23).  The Court predicated this sentence, after consideration of factors enumerated in 18 U.S.C. § 3553(a), on a sentencing guideline range of between 135 to 168 months, with a base offense level of 30 and a criminal history category of IV.  Mr. Green arrives at his request for a 110 month sentence by maintaining that he is eligible for the two level reduction, from a base level of 30 to one of 28, under § 3582(c)(2), U.S.S.G. § 1B1.1, and Amendment 706.  Mr. Green further contends that the 120 month mandatory minimum statutory requirement does not effect his request for a sentence reduction.  In moving this Court for a sentence reduction below the 120 month mandatory minimum, Mr. Green relies upon this Circuit's decision in United States v. Grant, 2009 WL 1586745 (6th Cir. June 9, 2009), which directs Courts adjudicating Rule 35(b) petitions for sentencing reduction, to consider all factors under 18 U.S.C. §3553(a), not merely the Defendant's substantial assistance.

Here, however, this Court is not asked to consider a sentence reduction under Rule 35(b), as was examined in the Grant decision, but rather, a sentence reduction pursuant to an amendment to the Sentencing Guidelines.  See United States v. Green, 532 F.3d 538, 546 n. 8 (6th Cir. 2008) (finding that a retroactive guideline amendment does not trump mandatory minimum sentences authorized by Congress).  As such, the Court is held to the strictures enunciated in United States v. Johnson, 564 F.3d 419 (6th Cir. 2009).  As in Johnson, Mr. Green's sentence was based on the mandatory

minimum imposed by 21 U.S.C. § 841(b)(1)(A) and 851 and remains unaffected by the Guidelines Amendment 706. Id. at 423.

"Where a statutorily required minimum sentence is greater than the maximum of the applicable guidelines range, the statutorily required minimum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(b); accord United States v. Goff, 6 F.3d 363, 366-67 (6th Cir.1993). If the Court resentenced Mr. Green today, the amended Guidelines would still require a sentence of 120 months, and the court would be departing from this same 120-month baseline if again presented with the government's 5K1.1 motion. Johnson, 564 F.3d at 423. In originally sentencing Mr. Green to 135 months incarceration, the Court chose not to apply the substantial assistance motion below the original sentencing guideline range of 135 to 168 months. Accordingly, because Mr. Green was subject to a statutory mandatory minimum term of 120 months, Amendment 706, even if it had been in effect at the time of the defendant's sentencing, would not have lowered the applicable Guidelines range. Id.

Based on the foregoing, Mr. Green's motion for a reduced sentence of 110 months is denied, but the Court will grant a reduction in the Defendant's sentence to the statutory mandatory minimum term of 120 months.

       IT IS SO ORDERED.

                                        /s/Lesley Wells
                                  UNITED STATES DISTRICT JUDGE

Dated: 17 August 2009